UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO J. BLACKSTONE,

    Plaintiff,

v.

DAUPHIN COUNTY COURT
OF COMMON PLEAS, *et al.*,

    Defendants.

CIVIL ACTION NO. 1:22-cv-01630

(SAPORITO, J.)

## MEMORANDUM

Plaintiff Antonio Blackstone, proceeding *pro se* and *in forma pauperis*, filed an amended complaint pursuant to 42 U.S.C. § 1983 against five defendants.[1] (Doc. 6). The Dauphin County Court of Common Pleas and the Dauphin County Probation and Parole Department (the "Court Defendants") have moved to dismiss the complaint in its entirety. For the reasons described below, the motion will be granted.

---

[1] There is some ambiguity as to who is intended as a defendant. The Court has construed the defendants to be the Dauphin County Court of Common Pleas, the Dauphin County Probation and Parole Department, Christine Cooley, and two unidentified probation administrators. *See* (Doc. 6-1 at 1, Doc. 24). Cooley did not return a request for waiver of service and has not appeared in this action.

I. BACKGROUND

Blackstone's complaint is difficult to parse, but it arises from the revocation of his probation or parole following a conviction in the Dauphin County Court of Common Pleas. *See Commonwealth v. Blackstone*, No. CP-22-CR-0004282-2020 (Nov. 9, 2020). He alleges that on May 9, 2021, he was arrested in Dauphin County for a probation violation based on "incredulous and uncorroborated" charges and detained for over five months without a *Gagnon I* or *II* hearing.[2] (Doc. 6 at 4-6). Blackstone alleges Defendants have a "custom" of asking probationers to waive their right to a *Gagnon I* hearing by offering an expedited *Gagnon II* hearing. Blackstone refused this offer, which he viewed as improperly "coaxing [him] to waive [his] constitutional rights." (Doc. 6 at 2).

Blackstone alleges that all defendants are liable under § 1983 for false arrest, malicious prosecution, and false imprisonment, in violation

---

[2] At a *Gagnon I* hearing, a hearing officer determines whether the probationer should be detained during the revocation proceedings, based on "whether there is probable cause or reasonable ground to believe" the probationer has committed a violation. *Morrissey v. Brewer*, 408 U.S. 471, 485, 487 (1972). The *Gagnon II* hearing is a "somewhat more comprehensive hearing prior to the making of the final revocation decision." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973).

of his constitutional rights. The Court Defendants move to dismiss, arguing that they are immune from suit under the Eleventh Amendment to the United States Constitution, and that Blackstone has not stated a plausible claim against any defendant.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

Because the Eleventh Amendment is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction," a motion to dismiss premised on Eleventh Amendment immunity is evaluated under Federal Rule of Civil Procedure 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). Defendants' motion contests the sufficiency of the pleadings, so it is properly understood as a facial challenge, for which "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990).

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept

"unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

### C.  Section 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs."

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207).

## III. DISCUSSION

The Eleventh Amendment immunizes states from suits brought in federal court by both their own citizens and citizens of other states. "Therefore, unless Congress has specifically abrogated the states' sovereign immunity or a state has unequivocally consented to suit . . . [federal courts] lack jurisdiction to grant relief in such cases." *Christ the King Manor, Inc. v. Sec'y, U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013) (quotation omitted).

For Eleventh Amendment purposes, the Court of Common Pleas is an instrument of state government, and immune from suit in federal court. *Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 235 n.1, 240-41 (3d Cir. 2005); *see, e.g., Vasquez v. Gale*, No. 1:20-CV-01805, 2022 WL 21783831, at *10 (M.D. Pa. Aug. 4, 2022), report and recommendation adopted, 2022 WL 21783906 (Aug. 29, 2022); *Lecadre v. City of Harrisburg*, No. 1:15-CV-01332, 2015 WL 5693138, at *3 (M.D. Pa. Sept.

28, 2015). The Dauphin County Probation and Parole Department is immune from suit for the same reason. *See Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity."). Accordingly, Blackstone cannot sue either of the Court Defendants in this case.[3]

As for Blackstone's claims against particular employees, the Eleventh Amendment bars claims against officers in their official capacity, but not their individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("The Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983."); *see, e.g., Vasquez*, 2022 WL 21783831, at *10-11; *Robertson v. Anglemeyer*, No. 1:20-CV-01736, 2022 WL 1133826, at *9 (M.D. Pa. Jan. 31, 2022), report and recommendation adopted, 2022 WL 613773 (Mar. 2,

---

[3] Further, the Court Defendants are not "persons" subject to suit under § 1983. *Reiff v. Phila. Cty. Court of Common Pleas*, 827 F. Supp. 319, 324 (E.D. Pa. 1993) ("[G]overnmental entities that are considered 'arms of the state' for Eleventh Amendment purposes are not 'persons' within the meaning of § 1983 and consequently are not among those liable for violations of the civil rights statute.") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *see also Callahan v. City of Philadelphia*, 207 F.3d 668, 669-70 (3d Cir. 2000).

2022).

It appears that Blackstone sought to sue several employees in their individual capacities. *See* (Doc. 6 at 2, Doc. 6-1 at 1). However, none of the individuals listed as defendants are referenced in the body of the complaint; all allegations are attributed to "Defendants" collectively. "Where there are multiple events and defendants at issue, alleging personal involvement cannot be accomplished by repeatedly and collectively referring to the 'Defendants' as a group without clarifying the specific acts of each Defendant that forms the basis for that individual's liability." *Graham v. Moon Lodge Chips Corp.*, No. 24-CV-0124, 2024 WL 3275960, at *5 (E.D. Pa. July 1, 2024) (citing *Lawal v. McDonald*, 546 F. App'x 107, 113-14 (3d Cir. 2014)).[4] Accordingly, this complaint does not state a claim against any defendant.

## IV. LEAVE TO AMEND

The Third Circuit Court of Appeals has instructed that if a civil

---

[4] *See also Buxton v. Wetzel*, No. 2:21-CV-1053, 2022 WL 4084292, at *7 (W.D. Pa. Aug. 3, 2022), report and recommendation adopted, 2022 WL 4082129 (Sept. 6, 2022) ("Throughout the Complaint, Plaintiff refers to Defendants collectively and Plaintiff does not attribute any misconduct to any specific individual. Thus, Plaintiff's allegations lack the requisite personal involvement . . ."); *Mitchell v. Jones*, No. 1:21-CV-131, 2022 WL 2063256, at *2 (W.D. Pa. June 8, 2022).

rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court notes that after this complaint was filed, Blackstone filed a similar complaint against some of the same defendants in another case, *Blackstone v. Cooley, et al.*, 1:23-cv-00260-YK (M. D. Pa. Feb. 13, 2023). That complaint sought relief under 42 U.S.C. § 1983 for the denial of *Gagnon* hearings, and for his arrest based on probation violation charges in the Dauphin County case referenced above. The Court dismissed that case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), because Blackstone failed to prosecute it. (1:23-cv-00260-YK, Doc. 23 (Feb. 14, 2024)).

"A dismissal with prejudice operates as an adjudication on the merits," which "precludes later relitigating the dismissed claims." *Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020) (citations omitted); *see also Jackson v. Dow Chem. Co.*, 518 F. App'x 99, 101 (3d Cir. 2013) (dismissal pursuant to *Poulis* "operated as an adjudication on the merits for claim preclusion purposes"). Accordingly,

the Court finds that amendment would be futile. *See Chrin v. Ibrix, Inc.*, 293 F. App'x 125, 129-30 (3d Cir. 2008) (amendment futile where the proposed amended claims would be barred by *res judicata*).

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss the case and direct the Clerk to mark this action as closed. An appropriate order follows.

Dated: November 12, 2024         *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States District Judge